UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN GATES, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-162 DRL-MGG |
| WELLPATH, ST. JOSEPH CO. JAIL, | |
| Defendants. | |

OPINION AND ORDER

Brian Gates, Jr., a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment for his knee at the St. Joseph County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Gates names two defendants: St. Joseph County Jail and Wellpath. The jail is a building; it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Wellpath is a private company contracted to provide healthcare services at the jail. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to

private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id*. The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). In this complaint, Mr. Gates has not identified either a policy or custom related to the medical treatment (or lack thereof) for his knee.

This complaint does not state a claim against either of the named defendants. It does not name any individuals nor explain how they could be financially liable to him. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Gates may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Brian Gates, Jr., until **April 18, 2022**, to file an amended complaint; and

(2) **CAUTIONS** Brian Gates, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 14, 2022                                         *s/ Damon R. Leichty*
                                                                          Judge, United States District Court