UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN GATES, JR.,

    Plaintiff,

v.                                      CAUSE NO. 3:22-CV-162-DRL-MGG

DR. FOSTER,

    Defendant.

OPINION AND ORDER

Brian Gates, Jr., is a convicted prisoner at the St. Joseph County Jail. Without a lawyer, he filed a second amended complaint alleging he was and is being denied adequate medical treatment for his knee. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Gates alleges he saw Dr. Foster three times. On February 3, 2022, Mr. Gates alleges he was seen after he fell from a top bunk. Dr. Foster ordered a "bottom bunk pass" and an x-ray which showed the kneecap was fractured, misshapen, and out of place. The x-ray report allegedly recommended immediate follow-up care, but none was provided. On March 4, 2022, Mr. Gates alleges he was seen again by Dr. Foster because the knee

was swollen and he was in excruciating pain. The physician ordered a compression sleave and Tylenol. A few weeks later, Dr. Foster allegedly told him surgery would not be scheduled in the foreseeable future.

The Eighth Amendment requires inmates receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008).

To establish liability for a denial of adequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno*

*v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

"In the inadequate medical care context, deliberate indifference does not equate to medical malpractice; the Eighth Amendment does not codify common law torts. It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (quotation marks, citations, parentheses, and brackets omitted.). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> And we must give medical professionals a great deal of deference in their treatment decisions. Accordingly, a constitutional violation exists only if no minimally competent professional would have so responded under those

circumstances. When a plaintiff's claim focuses on a medical professional's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Johnson v. Dominguez*, 5 F.4th 818, 824–25 (7th Cir. 2021) (quotation marks, citations, brackets).

Though it is possible Dr. Foster's treatment decisions were within the range of professional standards, the second amended complaint plausibly alleges they were not. Mr. Gates will be granted leave to proceed against him for monetary damages.

Mr. Gates also sues Warden Russell Olmstead to whom he alleges he sent requests for healthcare. Warden Olmstead is not a healthcare provider. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595, (7th Cir. 2009). Here, Mr. Gates was seen not only by Dr. Foster, but also a nurse. He was placed on a list to be seen by medical, prescribed a bottom bunk pass, x-rayed, given a compression sleave, and prescribed Tylenol. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009)).

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who

> knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595.

The amended complaint does not state a monetary damages claim against Warden Olmstead in his individual capacity, but Mr. Gates also seeks injunctive relief. Warden Olmstead has both the authority and the responsibility to ensure Mr. Gates receives constitutionally adequate medical care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The amended complaint states a claim against Warden Olmstead in his official capacity for permanent injunctive relief.

For these reasons, the court:

(1) GRANTS Brian Gates, Jr., leave to proceed against Dr. Foster in his individual capacity for compensatory and punitive damages for not providing him constitutionally adequate medical care for his knee as required by the Eighth Amendment;

(2) GRANTS Brian Gates, Jr., leave to proceed against Warden R. Olmstead in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment for his knee as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS, under 28 U.S.C. § 1915(d), the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Foster in his

official capacity at the St. Joseph County Jail with a copy of this order and the second amended complaint (ECF 14); and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Foster to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 29, 2022

*s/ Damon R. Leichty*
Judge, United States District Court