UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN GATES, JR.,

    Plaintiff,

v.                                  CAUSE NO. 3:22-CV-162-DRL-MGG

R. OLMSTEAD and DR. FOSTER,

    Defendants.

OPINION AND ORDER

Brian Gates, Jr., a prisoner without a lawyer, is proceeding in this case on two claims related to his incarceration at the St. Joseph County Jail (SJCJ). First, he is proceeding "against Dr. Foster in his individual capacity for compensatory and punitive damages for not providing him constitutionally adequate medical care for his knee as required by the Eighth Amendment[.]" ECF 15 at 5. Second, he is proceeding "against Warden R. Olmstead in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment for his knee as required by the Eighth Amendment[.]" *Id.* On July 8, 2022, Warden Olmstead filed a motion for summary judgment, arguing Mr. Gates did not exhaust his administrative remedies before filing suit. ECF 26.[1] With the motion, Warden Olmstead provided Mr. Gates the notice required by N.D. Ind. L.R. 56-1(f). ECF 29. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

---

[1] Dr. Foster has not moved for summary judgment.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over three months ago, but Mr. Gates has not responded. Therefore, the court will now rule on Warden Olmstead's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Warden Olmstead provides an affidavit.[2] During the time of the incident alleged in Mr. Gates' complaint, the SJCJ had a grievance procedure in place for inmates and detainees to bring forth complaints regarding any issue related to jail conditions. ECF 28-1 at 1-2. The SJCJ's grievance procedure is contained in the inmate handbook and is distributed to each inmate. *Id*. The grievance procedure provides:

> A grievance is a complaint. It must concern a rule or procedure, a complaint of oppression, or a misconduct by an employee in administering such rules. A personal dispute between inmates and/or inmates and employees is not considered grounds for a grievance. An appeal of a classification or disciplinary decision is NOT a grievance.
>
> 1. Submit a grievance with the pod deputy.
>
> 2. The grievance will be numbered and sent to the supervisor responsible for the person or issue the grievance addresses for investigation.
>
> 3. Following the investigation of the claim or complaint a written response to your grievance will be returned to you upon completion of the investigation.
>
> 4. You may file another grievance on the same issue which will be forwarded to the Jail Commander for a second review. You must indicate

---

[2] Because Mr. Gates has not responded to Warden Olmstead's summary judgment motion, the court accepts Warden Olmstead's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

on the grievance that it is the second attempt to have your grievance reviewed. Should the grievance require further review it may be submitted to the Sheriff.

5. **DO NOT have family or friends call the facility to resolve jail issues.**

*Id.* at 2; ECF 28-2 at 12.

As relevant here, Mr. Gates submitted two inmate grievance forms addressed to the medical staff. ECF 28-1 at 2-3; ECF 28-3. These grievances were sent to the medical staff, and the medical staff responded to both grievances. *Id.* After Mr. Gates received a response to these grievances, he did not proceed to the next step of the grievance procedure by submitting a second grievance regarding the same issue and requesting the grievance be sent to the Jail Commander for further review. ECF 28-1 at 3.

Here, the undisputed facts show Mr. Gates did not fully exhaust the SJCJ's grievance procedure, as it is undisputed he submitted two grievances related to his medical care, received responses to his grievances, but did not proceed to the next step of the grievance procedure by filing another grievance to be forwarded to the Jail Commander. Thus, because it is undisputed Mr. Gates had available administrative remedies he did not exhaust prior to filing this lawsuit, Warden Olmstead has met his burden to show Mr. Gates did not exhaust. Summary judgment must be granted in favor of Warden Olmstead.

For these reasons, the court:

(1) GRANTS Warden Olmstead's summary judgment motion (ECF 26); and

(2) REMINDS the parties this case is now proceeding only on Brian Gates, Jr.'s remaining claim "against Dr. Foster in his individual capacity for compensatory and

punitive damages for not providing him constitutionally adequate medical care for his knee as required by the Eighth Amendment[.]"

SO ORDERED.

December 7, 2022                              *s/ Damon R. Leichty*
                                                             Judge, United States District Court